IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HEATHER HOEKSTRA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Heather Hoekstra, though her attorney, John T. Moran, Jr., complains against Defendant Ford Motor Company, as follows:

## NATURE OF THE CASE

1.     Heather Hoekstra (hereafter "Plaintiff") brings this employment discrimination action seeking redress for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as well as disability discrimination in violation of the Americans with Disabilities Act, as amended, which she suffered in her capacity as an employee of the Defendant Ford Motor Company (hereafter "Ford" or "Defendant").

## PARTIES

2.     Plaintiff is a citizen of the United States. At all relevant times, Plaintiff was an employee of Defendant at its plant located in Ford Heights, Illinois.

3.     Defendant is a car manufacturing company. The manufacturing plant relevant to Plaintiff's Complaint is located at 1000 E. Lincoln Highway, Ford Heights, Illinois 60411.

## JURISDICTION

4.     This court has jurisdiction under 775 ILCS 5/10-102, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), and the Americans with Disabilities Act, 42 U.S.C. § 12101.

5.     Venue is proper before this Court under 28 U.S.C. § 1391 because it is a district where Defendant resides or does business and where a substantial part of the events giving rise of Plaintiff's claims occurred.

## ADMINISTRATIVE PROCEDURES

6.     Plaintiff filed her Charge of Discrimination on April 12, 2022, and, by filing with the EEOC within 300 days of the last discriminatory act, and filing this cause of action within 90 days of her receipt of her EEOC Right to Sue letter, has complied with all statutory prerequisites of her claims, including cross-filing with the Illinois Department of Human Rights. True and accurate copies of Plaintiff's EEOC Charge and Right to Sue letter are attached here as Group Exhibit A to this Complaint.

7.     Plaintiff received her EEOC Right to Sue letter on April 14, 2022.

## FACTS

8.     Plaintiff began working for Defendant on or about August 2016. Her most recent position was Temporary Crib Attendant.

9.     Throughout Plaintiff's time at Ford, she met all of her employer's legitimate performance expectations.

10.     During her time with Defendant, Plaintiff's male coworkers and supervisors singled Plaintiff out for harassment due to her sex, female.

11.     Plaintiff complained on multiple occasions to management about the harassment she received at the hands of her supervisors and coworkers. However, Defendant failed to address the harassment.

12.     After Plaintiff complained to management about the harassment, Defendant retaliated against Plaintiff by refusing to accommodate her disability and placing her on "no work available" status.

## COUNT I
## SEX DISCRIMINATION IN VIOLATION OF TITLE VII

13.     Plaintiff repeats and realleges paragraphs 1-12 and incorporates same by reference as through fully set out in this Count I.

14.     Plaintiff is of the female sex and is therefore a member of a protected class under Title VII of the Civil Rights Act of 1964.

15.     Plaintiff was qualified for her position and at all relevant times throughout her employment met Defendant's legitimate performance expectations.

16.     Throughout her employment at Ford, Plaintiff was treated differently than similarly situated male employees in that she was routinely harassed on the basis of her sex.

17.     Male coworkers would often verbally harass Plaintiff. On one occasion, a male coworker shouted at Plaintiff, telling her to "get on home now, you're too pretty to work here."

18.     In addition to verbal harassment, Plaintiff's male supervisors subjected her to physical harassment in the form of unwanted grabbing and sexual touching.

19.     On one occasion, manager Kirk Rodriguez grabbed and squeezed Plaintiff's arm in an aggressive manner after she asked him if he was the correct supervisor with whom to check in for her 5:00am shift in the material handling area of the plaint.

20.     On another occasion, Pat McCulligan, accountant for Defendant and a member of upper management, placed his hand on Plaintiff's shoulder in an inappropriate and sexual manner and asked plaintiff how she was doing. At the time, Plaintiff and McCulligan were working alone in an office.

21.     Plaintiff alerted her supervisor, Dana Shalitis, to the continuous harassment, but Defendant failed to meaningfully address it. Instead, Defendant assigned Plaintiff to report to the material handling work group, the area where her harasser typically worked.

22.     The harassment Plaintiff endured altered the terms and conditions of her employment and hindered her ability to perform the essential functions of her job.

23.    In discriminating against, Defendant acted willfully and/or with reckless indifference to Plaintiff's federally protected rights.

## DAMAGES

As a proximate result of the foregoing facts, Plaintiff has been subjected to unlawful discrimination on the basis of sex and suffered incidental damages, loss of wages, and loss of benefits, which has caused her to retain an attorney to protect her legal rights.

WHEREFORE, Plaintiff respectfully asks this Honorable Court to enter a judgement against Defendant as follows:

A)    For an order declaring that Defendant's actions and practices violated 42 U.S.C. § 2000(e), and permanently enjoin Defendant (and their officers, agents, and successors) from engaging in actions or practices that discriminate against any employee on the basis of race for asserting their rights under the Act;

B)    For an order directing Defendant to pay Plaintiff compensatory damages in a sum in excess of $500,000;

C)    For an order directing the Defendant to pay Plaintiff any withheld or lost pay and lost benefits from the date of the last discriminatory action to the date of an award by a jury or judge;

D)    For an order directing Defendant to restore any lost seniority and benefits, or, in the alternative, to pay her front pay and lost benefits;

E)   For an order directing Defendant to remove any negative memoranda, notes, documents, files, comments, letters, etc., from Plaintiff's personnel file;

F)   Award Plaintiff her reasonable attorney's fees and costs; and

G)   Grant any and all other relief that this Court deems just and proper.

**COUNT II**
**DISABILITY DISCRIMINATION: FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

24.   Plaintiff repeats and realleges paragraphs 1-23 and incorporates same by reference as through fully set out in this Count II.

25.   Plaintiff is an individual with a disability within the meaning of Section 12111 of the Americans with Disabilities Act.

26.   Plaintiff suffered a workplace spinal injury. Plaintiff's physician advised her that she will have to avoid lifting heavy loads as not to further exacerbate her injury.

27.   At all relevant times, Plaintiff remained qualified for her position at Ford and her performance continued to meet all of Defendant's expectations.

28.   At all relevant times, Defendant was aware of Plaintiff's disability.

29.   Despite Defendant's awareness of Plaintiff's condition, Defendant failed to reasonably accommodate Plaintiff's disabilities.

30.   On October 5, 2017, Defendant offered Plaintiff a job at the Crib, a store within the manufacturing plant, that she could perform pursuant to the

restrictions her physician placed upon her following her spinal injury. See Exhibit B.

31.     On November 22, 2021, following Plaintiff's complaints to management about her harassment, Defendant soon retracted this job offer and instead placed Plaintiff on "no work available" status. Plaintiff has suffered a loss in wages of about $500 per week since this status change.

32.     Plaintiff is the only disabled employee who was placed on "no work available" status. Employees with less experience and less seniority, but who have similar physical restrictions due to injury or other disabilities, have been adequately accommodated by Defendant.

33.     In failing to accommodate Plaintiff, Defendant impeded Plaintiff's ability to perform the essential functions of her position. Defendant acted willfully and/or with reckless indifference to Plaintiff's federally protected rights.

## DAMAGES

As a proximate result of the foregoing facts, Plaintiff has been subjected to unlawful discrimination on the basis of disability and suffered incidental damages, loss of wages, and loss of benefits, which has caused her to retain an attorney to protect her legal rights.

WHEREFORE, Plaintiff respectfully asks this Honorable Court to enter a judgement against Defendant as follows:

A) For an order declaring that Defendant's actions and practices violated the Americans with Disabilities Act and permanently enjoin Defendant (and

their officers, agents, and successors) from engaging in actions or practices that discriminate against any employee on the basis of disability for asserting their rights under the Act;

B) For an order directing Defendant to pay Plaintiff compensatory damages in a sum in excess of $500,000.

C) For an order directing Defendant to pay Plaintiff any withheld or lost pay and lost benefits from the date of the last discriminatory action to the date of an award by a jury or judge;

D) For an order directing Defendant to restore any lost seniority and benefits, or, in the alternative, to pay her front pay and lost benefits;

E) For an order directing Defendant to remove any negative memoranda, notes, documents, files, comments, letters, etc., from Plaintiff's personnel file;

F) Award Plaintiff her reasonable attorney's fees and costs; and

G) Grant any and all other relief that this Court deems just and proper.

## COUNT III
## RETALIATION

34.     Plaintiff repeats and realleged paragraphs 1 – 33 and incorporates same by reference as though fully set out in this Count III.

35.     Plaintiff engaged in statutorily protected activity under Title VII when she complained to Ford management about the sexual harassment she received from supervisors and coworkers. In addition to her complaints, Plaintiff also filed an EEOC Charge of Discrimination against Defendant on April 12, 2022.

36.     After Plaintiff complained to her supervisor, Dana Shalitis, about the harassing comments from a male coworker, Defendant failed to meaningfully address the harassment. Instead, Defendant assigned Plaintiff to work in the same location as her harasser, further exposing her to more harassment.

37.     After Plaintiff's numerous complaints, Defendant ceased accommodating Plaintiff's disability and placed her on "no work available" status. No other similarly disabled or injured employee who did not engage in statutorily protected activity was placed on "no work available" status.

38.     Due to this change in status, Plaintiff has suffered a significant loss in wages.

39.     In addition to the "no work status" designation, Defendant retaliated against Plaintiff by failing to pay her for her work. When Plaintiff reported to her supervisor Ziggy that she did not receive payment for several days, Ziggy admonished her for her complaint and told her "I don't have to have to fire you," or words to that effect.

40.     In retaliating against Plaintiff, Defendant acted willfully and/or with reckless indifference to Plaintiff's federally protected rights.

## DAMAGES

As a proximate result of the foregoing facts, Plaintiff has been subjected to unlawful retaliation and suffered incidental damages, loss of wages, and loss of benefits, which has caused her to retain an attorney to protect her legal rights.

WHEREFORE, Plaintiff respectfully asks this Honorable Court to enter a judgement against Defendant as follows:

A) For an order declaring that Defendant's actions and practices violated Title VII of the Civil Rights Act of 1964 and permanently enjoin Defendant (and their officers, agents, and successors) from engaging in actions or practices that discriminate against any employee for asserting their rights under the Act;

B) For an order directing Defendant to pay Plaintiff compensatory damages in a sum in excess of $500,000.

C) For an order directing Defendant to pay Plaintiff any withheld or lost pay and lost benefits from the date of the last discriminatory action to the date of an award by a jury or judge;

D) For an order directing Defendant to restore any lost seniority and benefits, or, in the alternative, to pay her front pay and lost benefits;

E) For an order directing Defendant to remove any negative memoranda, notes, documents, files, comments, letters, etc., from Plaintiff's personnel file;

F) Award Plaintiff her reasonable attorney's fees and costs; and

G) Grant any and all other relief that this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all counts.

Respectfully submitted,

/s/ John T. Moran, Jr.
John T. Moran, Jr.
The Moran Law Group
566 West Lake St., Ste. 101
Chicago, IL 60661
(312) 405-4474
j.t.m.moran@gmail.com